Cornelius H. DOHERTY, Appellant,

v.

David G. BRESS, Appellee.

No. 14335.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 8, 1958.

Decided Nov. 20, 1958.
Petition for Rehearing In Banc Denied
Dec. 19, 1958.
Certiorari Denied March 9, 1959.
See 79 S.Ct. 649.

Mr. Cornelius H. Doherty, Washington, D. C., appellant pro se.

Mr. Leonard Braman, with whom Mr. David G. Bress, Washington, D. C., was on the brief for appellee.

Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The appeal involves the allowance of attorney's fees. Appellant was attorney for the Hartford Accident and Indemnity Company[1] in a wrongful death action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq. as subrogee to the rights of the estate of Theodore M.

Riehle. Mr. Riehle was killed in a mid-air collision of two airplanes over the Washington National Airport November 1, 1949. Following the air collision numerous actions were brought on behalf of other persons and estates against the United States and Eastern Air Lines,[2] although Hartford sued only the United States. To save time and expense of separate and multiple trials, Hartford, together with other plaintiffs, stipulated with appellee to be bound by the decision of "test" cases which became known as the Miller cases. Appellee was attorney for the plaintiffs in the Miller and numerous other cases.

The stipulation provided that "no trial shall be had in any of the cases * * until the Miller cases have proceeded to final judgment" and,

"the final decision in the Miller cases on the (a) question of liability of the various defendants named in the Miller cases, and (b) the question as to whether the Wrongful Death Statute of the District of Columbia, D.C.Code 1950, § 16–1201 et seq., or the Commonwealth of Virginia, Code 1950, § 8–633 et seq. is applicable, shall be conclusive and binding on these issues upon all of the parties to this stipulation in each of the cases. * * *"

The stipulation was approved by the District Court.

The Miller cases resulted in final decisions fixing liability upon the United States in amounts permitted by the

---

1. Referred to hereinafter as Hartford.

2. The main litigation growing out of this disastrous accident has a considerable history. In Union Trust Co. of District of Columbia v. United States, D.C.1953, 113 F.Supp. 80, the District Court held against Eastern Air Lines and the United States in wrongful death actions. On appeal we affirmed as to the United States but reversed as to Eastern Air Lines and remanded for a new trial restricted to the issue of liability. Eastern Air Lines v. Union Trust Co., 95 U.S. App.D.C. 189, 221 F.2d 62. A petition for writ of certiorari was granted and our judgment reversed. 350 U.S. 907,

76 S.Ct. 192, 100 L.Ed. 796. On petition for rehearing, the Supreme Court stated that its order entered on page 907, of 350 U.S., on page 192 of 76 S.Ct., *ante*, is "reopened and is modified by directing that the case be remanded to the Court of Appeals to permit that court to pass upon the several issues left undecided by our reversal of its judgment." 350 U.S. 962, 76 S.Ct. 429, 100 L.Ed. 835. On remand we affirmed the judgments of the District Court against the airline company. Eastern Air Lines, Inc., v. Union Trust Co., 99 U.S.App.D.C. 205, 239 F.2d 25, certiorari denied, 353 U.S. 942, 77 S.Ct. 816, 1 L. Ed.2d 760.

wrongful death statute of Virginia, which limited recovery for each wrongful death to $15,000. Eastern Air Lines Inc., v. Union Trust Co., supra. Thereafter appellant settled the claim of Hartford for $14,500 and, by District Court decree of October 9, 1957, was awarded $2,900 as attorney's fees under 28 U.S.C. § 2678 (1952). Thereupon appellee filed with the District Court a petition to set aside this fee allowance and to require payment to appellee of "an amount equal to the reasonable and fair value" of appellee's services which had resulted in benefit to Hartford. In the proceedings incident to this petition the District Court found that appellee had rendered legal services in the cause that had benefited Hartford by making available to it the amount for which Hartford's action had been settled, and that for such services appellee was equitably entitled to compensation out of that amount. The court fixed $1,015 as a fair and reasonable allowance, and by the same order reduced by that amount the previous allowance of $2,900 to appellant.[3] It is from this order appellant appeals.

The principal contentions of appellant are that Hartford never employed appellee as its attorney, that no common fund was created by appellee's services, and that Hartford had expressly refused to enter into an agreement, which many other litigants had made with appellee, under which he acted as chief counsel for numerous parties.

By entering into the separate agreement to which we have referred, and thus stipulating to await the outcome of the Miller cases and to be bound thereby, underscored by contributing to the costs of this basic litigation successfully conducted by appellee, Hartford we think enlisted the services of appellee to an extent that authorized the District Court, in the exercise of an equitable discretion, to award to appellee a reasonable portion of the attorney's fees to be paid by Hartford. The absence of a formal relationship of attorney and client is not decisive. Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; Washington Gas Light Co. v. Baker, 90 U.S.App.D.C. 98, 195 F.2d 29. While Sprague involved a different factual situation we believe the principles set forth therein are applicable here. By establishing the Miller claims appellee necessarily established in substance the claim of Hartford, and did this pursuant to the stipulation with Hartford. As the Supreme Court stated in Sprague, 307 U.S. at page 167, 59 S.Ct. at page 780,

"when such a fund is for all practical purposes created for the benefit of others, the formalities of the litigation—the absence of an avowed class suit or the creation of a fund, as it were, through *stare decisis* rather than through a decree—hardly touch the power of equity in doing justice as between a party and the beneficiaries of his litigation."

Affirmed.

WILBUR K. MILLER, Circuit Judge, dissents.

---

3. The total of such fees could not exceed the maximum permitted by 28 U.S.C. § 2678 (1952). No question is made as to the reasonableness of the 7% allowance to appellee if any allowance at all could validly be made.